UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CLIFFORD BURNS,

                          Petitioner,

    - v -                                        9:18-CV-488
                                                    (GLS/DJS)
JAMIE LAMANNA,

                          Respondent.

**APPEARANCES:**                              **OF COUNSEL:**

CLIFFORD BURNS
Petitioner *Pro Se*
14-A-4082
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12582

HON. LETITIA JAMES                    JAMES F. GIBBONS, ESQ.
Attorney General for the               Assistant Attorney General
State of New York
Attorney for Respondent
28 Liberty Street, 14th Floor
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Clifford Burns ("Petitioner") was convicted upon a guilty plea of murder in the second degree. Dkt. No. 17-2, State Court Record ("SR.") at p. 469.[2] He

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

was sentenced to a term of imprisonment of twenty-three years to life in prison. SR. at p. 144. Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on eleven separate grounds, collectively claiming violations of his right to due process, equal protection, and counsel, under the Fifth, Sixth, and Fourteenth Amendments. Dkt. No. 1, Petition ("Pet.") at pp. 11-35. Respondent has filed a Memorandum of Law in Opposition to the Petition. Dkt. No. 17-1, Resp. Mem. Of Law. Petitioner then submitted a Traverse in further support of his Petition. Dkt. No. 22. For the reasons that follow, this Court recommends that the Petition be **denied**.

## I. BACKGROUND

On December 24, 2013, Petitioner drove to his estranged wife Patricia Burns' home in Lake Luzurne and intentionally stabbed her with a knife, resulting in her death. SR. at pp. 574 & 651; *People v. Burns*, 133 A.D.3d 1045, 1046 (3d Dep't 2015). This incident occurred in front of the Burns' fourteen-year-old daughter, as well as Patricia Burns' eldest daughter from another relationship. *Id.* Petitioner stabbed Patricia's eldest daughter with a knife when she attempted to intervene in the stabbing, which resulted in serious injuries. *Id.*

On January 10, 2014, Petitioner was named in a five-count indictment charging him with murder in the second degree, manslaughter in the first degree, assault in the first degree, criminal possession of a weapon in the third degree, and unlawful fleeing of a police officer in a motor vehicle in the third degree. SR. at pp. 27-28.

Petitioner pled guilty to one count of murder in the second degree on April 17, 2014. SR. at p. 469. As part of his plea, Petitioner specifically waived his right to appeal.

SR. at p. 465. Before Petitioner was sentenced, he filed a *pro se* motion to withdraw his guilty plea. SR. at p. 481. He contended that his guilty plea was involuntary as a result of severe emotional distress stemming from a courthouse visit with his daughters immediately prior to the plea, and that he was denied effective assistance of counsel. SR. at pp. 481 & 574; *People v. Burns*, 133 A.D.3d at 1046. After the People opposed this motion, the County Court assigned different counsel to represent Petitioner, and then denied his motion in a written decision. SR. at pp. 488-89 & 509-15. He was then sentenced to a term of imprisonment of twenty-three years to life in prison. SR. at p. 144.

Despite the waiver of his appeal rights, Petitioner appealed to the New York Appellate Division, Third Department. SR. at p. 25. He claimed the lower court erred when it denied his motion to withdraw the guilty plea. SR. at p. 598. The Appellate Division found no merit to this claim. SR. at p. 574; *People v. Burns*, 133 A.D.3d at 1046. It unanimously affirmed the lower court's decision, and held that "the record provides no support for defendant's claim that he was so emotionally distraught . . . as to render him incapable of entering a voluntary guilty plea," and it also held that his ineffectiveness claim was "similarly . . . belied by the record[.]" SR. at p. 575; *People v. Burns*, 133 A.D.3d at 1047. The New York Court of Appeals denied leave to appeal on July 7, 2016. SR. at p. 588.

Petitioner then filed a *pro se* motion to vacate the lower court's judgment on November 4, 2016, alleging ineffective assistance of counsel, that his guilty plea was involuntary, denial of counsel, lack of jurisdiction, prosecutorial misconduct, and judicial misconduct. SR. at pp. 590-93 & 598-625. The County Court found that there was no

merit to his claims, concluded that a hearing regarding the motion was not required, and determined that the motion to vacate must be completely denied. *Id.* at pp. 651-54.

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S.

362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412. A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

### A. Petitioner's Claims Regarding the Voluntariness of his Guilty Plea

"The Due Process Clause of the Fourteenth Amendment requires that a plea of guilty be knowingly and voluntarily entered." *Hutchings v. Herbert*, 260 F.Supp.2d 571, 579 (W.D.N.Y. 2003). A plea is made knowingly when it is made with both an understanding of the charge and the consequences stemming from the plea. *Id.* The test to determine whether or not a guilty plea is valid is to look to "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A plea is not deemed to be made voluntarily if it is made as a result of a defendant's will being overcome by coercion. *Miranda v. Graham*, 2018 WL 4344944, at *4 (E.D.N.Y. Sept. 11, 2018).

Here, Petitioner claims that he was so emotionally distraught due to the presence of his daughters during a meeting regarding plea negotiations that he was coerced into entering an involuntary guilty plea directly following the meeting. Pet. at pp. 32-33. Petitioner asserts that the District Attorney used his "daughters as agents to coerce him into pleading guilty." *Id.* "However, '[a]dvice [or] even strong urging [to plead guilty] by those who have an accused's welfare at heart, based on the strength of the State's case and the weakness of the defense, does not constitute undue coercion.'" *Miranda v. Graham*, 2018 WL 4344944, at *4 (citing *Lunz v. Henderson*, 533 F.2d 1322, 1327 (2d Cir. 1976)). As a result, the Appellate Division rejected this claim and found no support in the record for the claim of such an extreme level of emotional distress that would render

6

Petitioner incapable of making a voluntary guilty plea, and instead held that the record reflected that he "freely entered a knowing, voluntary and intelligent plea." *People v. Burns*, 133 A.D.3d at 1047; SR. at p. 575.

The Appellate Division was not unreasonable in its conclusion. Petitioner has offered no grounds to show that he was not free to reject his attorney's counsel, or that his guilty plea was not knowing and voluntary. *See* Pet. In fact, the record shows that he understood all the conditions of the guilty plea, and confirmed that he was not being forced to enter the plea against his free will. SR. at pp. 87-95. When the Court asked Petitioner "[d]o you understand that by pleading guilty, that you're giving up all those [constitutional] rights[,]" Petitioner responded, "[y]es, sir." SR. at p. 94. Furthermore, when the Court asked Petitioner, "[h]as anyone, including myself, the District Attorney, the police or anyone else threatened you or forced you to plead guilty against your own free-will[,]" Petitioner responded "[n]o, sir" in open court. SR. at pp. 94-95. "[D]eclarations in open court carry a strong presumption of verity." *Martinez v. Costello*, 2004 WL 26306, at *6 (S.D.N.Y. Jan. 5, 2004) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). These statements "are generally treated as conclusive in the face of the defendant's later attempts to contradict them." *Miranda v. Graham*, 2018 WL 4344944, at *4 (citing *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999)) (holding that the Appellate Division's rejection of the petitioner's claim that he was coerced into pleading guilty by his attorney when the petitioner pled guilty and affirmed under oath that he was not coerced into doing so was not unreasonable). Similarly, here, subsequent claims of

7

coercion do not negate Petitioner's prior representation that there was no coercion at the plea allocation. SR. at pp. 92-95.

No coercion takes place merely because an attorney offers advice to his client to plead guilty after considering the merits of the prosecution's case and weaknesses in the defense's case. *Miranda v. Graham*, 2018 WL 4344944, at *4. Indeed, it is not improper or any way outside the realm of competent defense counsel to have his client consult with others as part of the pre-plea process, and by doing so, to have the client consider the impact of the plea, or if no plea, a trial, on his family and on the alleged victims. In fact, the very powerful emotions that could play out or manifest in the courtroom may well be important for the client to understand when considering his future course of action.

Furthermore, Petitioner's allegations of coercion are contradicted by the sworn statements that he made during the plea allocation. SR. at pp. 87-95. The trial judge made no effort to force Petitioner to plead guilty. SR. at pp. 87-100. The trial judge questioned Petitioner about whether anyone had exerted pressure on him with respect to his decision to plead guilty. SR. at pp. 94-95. "A trial court may fairly rely upon a defendant's sworn statements made in open court." *Salerno v. Berbary*, 389 F.Supp.2d 480, 484-85 (W.D.N.Y. 2005). This claim should therefore be denied.

### B. Petitioner's Ineffective Assistance of Counsel Claims

*1. Denial of Right to Effective Counsel Claims*

There are two components to consider when determining whether counsel was ineffective. *Williams v. Taylor*, 529 U.S. at 363. First, the burden falls on the petitioner to show "that counsel's performance fell below an objective standard of reasonableness."

8

*Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Second, the petitioner must prove that counsel's "deficient performance prejudiced the defense, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Taylor*, 529 U.S. at 363 (citing *Strickland v. Washington*, 466 U.S. at 694).

Here, Petitioner contends that he was denied effective assistance of counsel. Pet. at p. 25. Petitioner claims that defense counsel should have filed an omnibus motion, that counsel should have further investigated the possibility of an extreme emotional disturbance defense, and that counsel brought him into a room where he was seated across from his daughters and experienced an emotional exchange after he had been prevented from seeing his daughters for an extended period of time. *Id.* at pp. 26-31. Petitioner asserts that the meeting with his daughters was a setup between his counsel and the District Attorney's office in order to "mak[e] this case go away, so as not to uncover the many layers of corruption and misconduct by the police, district attorney's office and the court itself." *Id.* at pp. 30-31.

In a case where a petitioner pled guilty, such as in this case, an ineffective assistance of counsel claim will only stand if the petitioner can show that counsel's advice fell below acceptable standards. *Belle v. Superintendent*, 2013 WL 992663, at *12 (N.D.N.Y. Mar. 13, 2013). Improper coercion can constitute ineffective assistance. *Id.* at *12 (denying the petitioner's habeas claim where the petitioner offered only conclusory allegations and no proof of coercion). Here, the Appellate Division found "that defendant's claim that he was deprived of meaningful representation in connection with

his guilty plea is belied by the record." *People v. Burns*, 133 A.D.3d at 1047; SR. at p. 575. It also found that the record "reflects that counsel secured a favorable plea after extensive negotiations, and nothing in the record casts doubt on counsel's apparent effectiveness." *Id*. It further determined that counsel investigated various affirmative defenses and prepared an omnibus motion. *Id.* The Appellate Division held that "counsel reasonably encouraged [Petitioner] to accept the favorable plea deal and afforded him meaningful representation." *People v. Burns*, 133 A.D.3d at 1047-48; SR. at p. 575.

"A court considering a claim of ineffective assistance of counsel must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Portes v. Capra*, 420 F.Supp.3d 49, 56 (E.D.N.Y. 2018) (quoting *Strickland v. Washington*, 466 U.S. at 689). The Appellate Division's finding was neither an unreasonable application of law, nor an unreasonable determination of facts, under 28 U.S.C. § 2254(d). Defense counsel filed a notice of intent regarding Petitioner's request to assert an affirmative defense of emotional distress. SR. at pp. 34-43; *see also Jennings v. Strack*, 1994 WL 163944, at *7 (W.D.N.Y. Apr. 25, 1994) (finding it was reasonable for defense counsel to refrain from raising an affirmative defense at trial and on appeal). Furthermore, counsel did in fact consult with an expert forensic psychologist, in addition to conducting additional research into Petitioner's background to adequately determine whether an emotional disturbance defense was a viable option before deciding not to pursue it. SR. at p. 315; *see Latterell v. Conway*, 430 F.Supp.2d 116, 125 (W.D.N.Y. 2006) (denying a petitioner's habeas claim of ineffectiveness of counsel where counsel did not ultimately retain an expert, rejecting

10

argument that counsel was required to "witness shop," and finding there was no reasonable probability that an expert witness could have "tipped the scales" regarding the petitioner's culpability).

Furthermore, "[i]n the context of a guilty plea, the defendant must show a reasonable possibility that but for counsel's errors the outcome would have been different – i.e., the accused would not have pled guilty and would likely have been acquitted at trial, or would have received a significantly more favorable sentence." *Belle v. Superintendent*, 2013 WL 992663, at *13; *see also Hill v. Lockhart*, 474 U.S. at 52-53 (finding prejudice requirement was not met where the petitioner did not allege that had counsel advised him otherwise, he would not have pled guilty and would have insisted on going to trial).

Petitioner was charged with multiple crimes. SR. at pp. 163-64. Petitioner stated on the record that he had had enough time to discuss with counsel before he decided to plead guilty to a lesser charge than that in the indictment. SR. at pp. 87 & 99; *see Rivers v. Costello*, 2011 WL 4592041, at *6 (N.D.N.Y. Sept. 9, 2011) (denying the petitioner's ineffective counsel claims in part because the petitioner pled to a lesser charge than he may have been convicted of based on the charge in the indictment and obtained a lesser sentence commitment than he could have received upon a conviction). In addition, Petitioner authorized counsel to not file an omnibus motion which counsel had prepared. SR. at pp. 90-91. The record indicates adequate time and discussion between counsel and Petitioner occurred regarding his options before he pled guilty to only one charge. In open court during his plea allocution, Petitioner even stated "[y]es, sir" when the Court

asked him "[a]re you satisfied with the job that Mr. Smith has done for you as your attorney?" SR. at p. 92. It was therefore not unreasonable for the Appellate Division to find that counsel was not ineffective. *People v. Burns*, 133 A.D.3d at 1047; SR. at p. 575. There is no support for the conclusion that, but for his counsel's alleged ineffective representation, Petitioner would have proceeded to trial to obtain an acquittal or a more favorable result.

This claim therefore should be denied.

### 2. Petitioner's Other Allegations of Ineffective Counsel Are Unexhausted

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Here, Petitioner raised claims regarding the victim's medical records and release of allegedly privileged attorney-client communications in his motion to vacate the judgment. SR. at pp. 614 & 618. However, he did not raise them in his application for leave to appeal the denial of that motion. SR. at pp. 658-59. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that the petitioner had not properly exhausted all state remedies because he did not include his claims in his petition for leave to appeal to his state's Supreme Court, where had had a right to raise those claims as part of the appellate review process). Only if the federal claim has been presented fairly to the state courts is the exhaustion requirement satisfied. *Blackshear v. Artus*, 2019 WL 7971870, at *5 (N.D.N.Y. Oct. 30, 2019). A claim will be deemed to

have been fairly presented only if the state courts are given information regarding both the factual and legal premises with respect to the claim alleged in federal court. *Id.*

A claim is deemed to be fairly presented through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005) (quoting *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir. 1982)).

Here, by not raising these particular claims in his application for leave to appeal the denial of his motion to vacate the judgment, Petitioner did not exhaust all available state remedies. SR. at pp. 658-59; *see also Blackshear v. Artus*, 2019 WL 7971870, at *5. "[P]etitioner's forfeiture in state court of his [unexhausted claims] bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause of the procedural default and prejudice resulting therefrom." *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991). Because Petitioner does not assert any reason for failing to raise these claims, he cannot meet the cause and prejudice standard required to hear unexhausted claims. *Blackshear v. Artus*, 2019 WL 7971870, at *5 (holding that habeas relief is generally not available to procedurally defaulted claims if a petition fails to establish sufficient cause for the petitioner's procedural default).

All of Petitioner's claims have been exhausted except for those claims regarding his wife's medical records and release of allegedly privileged attorney-client

communications, which he did not raise in his application for leave to appeal the denial of that motion. SR. at pp. 658-59. Petitioner is required to demonstrate good cause as to why he did not exhaust all of his claims. *Lagoa v. Keyser*, 2021 WL1254448, at *3 (E.D.N.Y. Apr. 5, 2021). Good cause may include a showing of external factors giving rise to default or reasonable confusion. *Id.* Here, Petitioner has given no reasoning in his Petition to demonstrate why he did not exhaust these claims. *See* Pet.

Furthermore, these unexhausted claims are meritless as well as unexhausted. With respect to the medical records, Petitioner claims that "[t]he actual injuries sustained by the deceased would not support a charge of assault in the first degree." *Id.* at p. 28. However, the assault charge was with respect to Megan, his wife's eldest daughter, not to his wife, the deceased, so his wife's medical records would not affect Petitioner's claim that the actual injuries did not support a charge of first degree assault. *Id.* Moreover, with respect to the privileged communications claims, the record establishes that these disclosures occurred only after Petitioner claimed ineffective counsel. SR. at pp. 401-403. When a habeas petitioner claims ineffective counsel with respect to privileged communications, he waives his privilege regarding these specific conversations. *Overbaugh v. United States*, 483 F.Supp.2d 223, 225 (N.D.N.Y. 2007) (holding that the petitioner could not pursue ineffective assistance of counsel claim while refusing to waive attorney-client privilege as it is impacted by those claims). As a result, this unexhausted claim, too, is without merit, and should be denied.

### C. Claims Not Cognizable Under Federal Habeas Review

*1. Claims of State Law Are Not Cognizable*

A federal court is restricted to deciding whether a conviction violated the Constitution, laws, or treaties of the United States when conducting habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A federal habeas court does not have the authority to reexamine state court determinations with respect to state law questions. *Id.* at 67-68. Here, Petitioner introduces a variety of claims, five of which are essentially claims of state law. Pet. at pp. 12, 18-20, & 23.

First, Petitioner claims that the trial court should have conducted a hearing with respect to the facts surrounding the plea agreement in response to his motion to withdraw his plea. *Id.* at p. 12. However, to the extent Petitioner's claim alleges a violation of state law, it is not cognizable on federal habeas review. *Trimm v. Kirkpatrick*, 2021 WL 981814, at *14 (N.D.N.Y. Mar. 16, 2021) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).[3]

Petitioner next claims his right to due process was violated when a state trooper failed to execute the booking procedure prior to his arraignment. Pet. at p. 18. This claim is based upon New York State law regarding the procedure for arrests, New York

---

[3] Furthermore, a defendant is not entitled to an evidentiary hearing regarding a motion to withdraw a guilty plea, and this claim can therefore be denied on its merits as well. *Martinez v. Costello*, 2004 WL 26306, at *7. As a result, this failure to hold a hearing does not violate Petitioner's due process rights. *Trimm v. Kirkpatrick*, 2021 WL 981814, at *14. Because Petitioner had no federal constitutional right with respect to an evidentiary hearing, the Appellate Division's finding that the trial court did not err in refusing to allow Petitioner to withdraw his guilty plea was not "contrary to, [and did not] involve[] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see also Trimm v. Kirkpatrick*, 2021 WL 981814, at *14 (holding that there is no federal constitutional right to an evidentiary hearing in this situation). Furthermore, this finding was not an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

Criminal Procedure Law § 140.20, which "does not constitute a claim in violation of a federal constitutional right, and therefore [] is not cognizable on federal habeas corpus review." *Blackshear v. Artus*, 2019 WL 7971870, at *3 (citing *Huntley v. Superintendent, Sup. of Southport Corr. Facility*, 2007 WL 319846, at *17 (N.D.N.Y. Jan. 30, 2007) and *Reome v. Superintendent, Five Points Corr. Facility*, 2015 WL 4393185, at *10 (N.D.N.Y. July 15, 2015)). This state law claim is not cognizable on federal habeas review because it does not implicate any constitutional right. *Ramos v. Phillips*, 2006 WL 3681150, at *3 (E.D.N.Y. Dec. 12, 2006) (holding that a habeas petitioner's § 140.20 claim was not cognizable on federal habeas review because it did not involve a constitutional claim).

Petitioner also contends that the state court lacked subject matter jurisdiction as a result of an improper preliminary arraignment. Pet. at p. 19. This claim is based upon procedure regarding a defendant's rights with respect to an arraignment upon a felony complaint under New York State Law. *See* N.Y. Crim. Proc. Law § 180.10. This, too, does not state a claim of a constitutional right violation, is similarly grounded in state law, and is also not cognizable upon federal habeas review. *Blackshear v. Artus*, 2019 WL 7971870, at *3; *see also Gibson v. Frank*, 2017 WL 280708, at *1-2 (E.D.N.Y. Jan. 20, 2017) (finding that various claims, including a violation of New York Criminal Procedure Law § 180.10, were violations of state law and were "not cognizable on federal habeas corpus review").

Petitioner further asserts that the state court lacked jurisdiction to entertain his appeal because there was no valid entry of judgment by the lower court, resulting in

16

further violation of his due process rights. Pet. at p. 20. He claims that the trial court could not enter a valid final judgment due to his plea being "the culmination of the criminal action that was never commenced (no arraignment)." *Id.* Because this claim is based upon Petitioner's prior claim that he was improperly arraigned, which was already determined to be a matter of state law, New York Criminal Procedure Law § 180.10, this claim, too, is not cognizable under federal habeas review. *Blackshear v. Artus*, 2019 WL 7971870, at *3; *see also Gibson v. Frank*, 2017 WL 280708, at *1-2.

Petitioner also contends that his due process rights were violated when the court failed to secure personal jurisdiction over his person. Pet. at p. 23. Petitioner claims that this is due to the alleged improper arraignment. *Id.* This, too, should be dismissed, as it is similarly a matter of New York Criminal Procedure Law § 180.10, a state law matter, and is not a matter to be considered upon federal habeas review. *Blackshear v. Artus*, 2019 WL 7971870, at *3; *see also Gibson v. Frank*, 2017 WL 280708, at *1-2. These claims should be denied.

Finally, Petitioner contends that he should have been given the right to testify before the grand jury. Pet. at p. 26. However, this claim is also not cognizable on federal habeas review, as it is a matter of state law. *Lucius v. Filion*, 431 F.Supp.2d 343, 347 (W.D.N.Y. 2006) (holding that an ineffectiveness of counsel claim on the basis that the petitioner was not allowed to testify in front of a grand jury is a matter of state law, and is not a cognizable claim on federal habeas review).

*2. Claims Relating to Events Before the Entry of a Guilty Plea Are Not Subject to Review*

A guilty plea results in "'a break in the chain of events' preceding it." *Salerno v. Berbary*, 389 F.Supp.2d at 483 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). A guilty plea bars a defendant "from litigating in federal court any alleged deprivation of constitutional rights that occurred prior to the entry of his guilty plea." *Bridgefourth v. Artus*, 475 F.Supp.2d 261, 267 (W.D.N.Y. 2007). The only challenge a defendant who pleads guilty can later make is regarding the voluntary and intelligent nature of his guilty plea. *Salerno v. Berbary*, 389 F.Supp.2d at 483.

Petitioner claims that his due process and equal protection rights were violated when he was arraigned prior to being properly booked into custody. Pet. at p. 18. He claims this improper arraignment resulted in the court lacking subject matter jurisdiction and personal jurisdiction over him. *Id.* at pp. 19 & 23. He claims that his constitutional right to counsel was violated during arraignment. *Id.* at p. 21. He also claims that the indictment was "unduly vague." *Id.* at p. 19.

Petitioner pled guilty in open court. SR. at p. 469. If a guilty plea is determined to be knowing, voluntary and intelligent, then a petitioner is barred from alleging any deprivation of constitutional rights that occurred before the entry of this plea. *Hanesworth v. Greene*, 2009 WL 909711, at *12 (W.D.N.Y. Mar. 31, 2009). This Court has found Petitioner's claim that his plea was involuntary to be meritless; thus, any other grounds for review with respect to other constitutional claims arising before the entry of the valid guilty plea are barred. *Perez v. Perrott*, 2008 WL 2323360, at *12 (N.D.N.Y.

June 2, 2008); *see also Tollett v. Henderson*, 411 U.S. at 267. The alleged deprivation of constitutional rights stemming from improper booking, preliminary hearing, and arraignment, as well as Petitioner's claim of a vague indictment, occurred before the entry of his guilty plea, and Petitioner is now therefore barred from raising any of these claims. *Hanesworth v. Greene*, 2009 WL 909711, at *12. Furthermore, Petitioner's alleged deprivation of rights with respect to improper booking and arraignment have already been deemed to be a matter of state law and cannot be considered upon federal habeas review. *Blackshear v. Artus*, 2019 WL 7971870, at *3.

These claims should therefore be denied.

## IV.   CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[4] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 25, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).